FILED

2008 Oct-01  AM 08:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 48 | ) |
| HEALTH AND WELFARE FUND; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-PWG-612-S |
| | ) |
| SM SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OF OPINION</u>

This matter is before the court for consideration of the May 23, 2008 motion of plaintiff, Sheet Metal Workers Local 48 Health and Welfare Fund, for summary judgment.  (Doc. #8).  Plaintiff avers that there are no genuine issues of material fact to be resolved.  SM Services, Inc. has tendered a response to the motion for summary judgment (see doc. #11) to which the plaintiff has tendered a reply.  (Doc. #12).  The matter is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(c) in that the parties have consented to the dispositive jurisdiction of the magistrate judge.  (Doc. #16).  This action is brought in accord with the provisions of § § 502 and 515 of the Employment Retirement Income Security Act, 28 U.S.C. § § 1132 and 1145 as well § 301 of the Labor-Management Relations Act, 29 U.S.C.§ 185(a).  There is federal question jurisdiction.

<u>OPERATIVE FACTS</u>

The parties agree that there is no dispute with respect to the underlying issue.  Defendant SM Services, Inc. concedes that it is liable to plaintiff.  SM Services, Inc. does argue, however, that the damages sought by plaintiff are greater than the appropriate relief.

At issue is the amount of the recovery due the plaintiff under the terms of a collective bargaining agreement labor contract. The plaintiff, Sheet Metal Workers Local 48 Health and Welfare Fund (hereafter Fund) is a trust.  The Fund is a multi-employer benefit plan as that term is defined by § 3 of ERISA.  See 28 U.S.C. § 1002(3)(37).

SM Services, Inc. is a business engaged in the sheet metal industry and is licensed to do business in the state of Alabama.  SM Services, Inc. entered into the collective bargaining agreement and a participation agreement with Local 48 on October 3, 2005.  The collective bargaining agreement addressed not only terms and conditions of employment for union members, but also a requirement that SM Services, Inc. make contributions to the plaintiff Fund.  SM Services agreed to contribute to the plaintiff trust in the amount and manner set out in the agreement.  In accord with the agreement, SM Services was required to submit contribution reports reflecting the number of hours worked by employees under the contract.  SM Services was then required to pay a specified amount per hour for the number of hours worked by union members.  SM Services submitted the required wage reports without making the required contributions.

The agreement and declaration trust between the parties provided that an employer failing to pay the amounts required by the agreement in a timely fashion would be obligated to pay interest at a rate of 8% after the date of delinquency to the date of payment as well as all necessary costs of collection incurred by the Fund, including but not limited to, reasonable attorneys fees, interest, audit fees, liquidated damages at a rate of 1% (of the contribution) and court costs.

It is undisputed that SM Services, Inc. failed to make a contribution for the period December 2006 through July 2007.  The defendant has also failed to pay interest or liquidated damages for the relevant period with the exception of a $1,379.93 payment which the trust applied to the total interest

2

and liquidated damages then deemed owed.  (See doc. #9-4, ¶ 6).  The plaintiff seeks damages in the amount of $133,091.33 representing the actual unpaid contributions, interest, and liquidated damages.

Plaintiff has examined the reports reflecting the hours worked by SM Services's union members from December 2006 to July 2007 in light of the statutorily permissible rate of interest and liquidated damages.  Sharon Faulkner, an employee of Southern Benefits Administrators, Inc. prepared an analysis for the period December 2006 through February 2007.  Applying the contractual interest rate of 8% on the contribution from the due date of the liquidated damages (referred to as "collection fee") and an offset for delinquent payment received from SMS, Faulkner determined the amount due for the period to be $69,074.01.  (Doc. #9-4).  Quinell Evans, an employee of Local 48 charged with monitoring payments for employees to the fund using the same 8% / 1% provisions found that SMS was liable for an additional $64,017.32 for the period March 2007 through July 2007.  SMS does not dispute the calculations.  SMS does, however, seek an offset of the amount of insurance premium expense the fund did not incur when it "dropped" covered for SMS union workers during the relevant time period.  The local contends that no set off is permissible under the contract nor authorized by ERISA.  SMS also contends that Alabama law may preclude enforcement of the statutory liquidated damages provision.

<u>APPLICABLE LAW</u>

Rule 56(c) of the *Federal Rules of Civil Procedure* provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  F.R.Civ.P. 56(c).  Material

facts are those "that might affect the outcome of the suit under governing law ...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the present case the parties agrees that there is no material issue of fact and dispute. The resolution of the pending motion is exclusively a matter of law. Sheet Metal Workers Local 48 predicates the claims in this action on an ERISA provision, specifically 28 U.S.C. § 1332. The statute provides that employers obligated by a collective bargaining agreement to make contributions to the union trust fund must make contributions in accordance with the terms of the agreement. *Moore v. American Federation of Television & Radio Artists*, 216 F.3d 1236, 1245 (11th Cir. 2000).[1] ERISA provides that when a judgment is entered in favor of a multi-employer plan under § 1145, the court shall award the plaintiff (a) the unpaid contributions, (b) interest on the unpaid contributions, (c) an amount equal to the greater of interest on unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20%.[2] Section 1132(g)(3) provides that:

> "Interest on unpaid contribution shall be determined by using the rate provided under the plain, or, if none, the rate prescribed under [26 U.S.C. § 66121]."

---

[1] Section 1132(a)(3) provides as follows:

> [a] civil action may be brought - by a participant, beneficiary, or a fiduciary (A) to enjoin any act or practice which violates the provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (1) to address such violations or (ii) to enforce any provisions of this subchapter under the terms of the plan. Section 1145 provides that [e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such agreement.

[2] The statute also provides for reasonable attorneys fees and costs. The plaintiff has elected not to pursue attorneys fees as a judgment in this action in light of the financial condition of SMS.

Prejudgment interest is due on each unpaid contribution from the date on which the contribution was due. *Carrier's Container Counsel, Inc. v. Mobile S.S., Inc.*, 948 F.2d 1219, 1223 (11th Cir. 1991).

It is a requirement that courts strictly enforce the terms of a collective bargaining agreement when terms are unambiguous. See, e.g., *Contempo Design, Inc. v. Chicago & Northeast Illinois District Council of Carpenters*, 222 F.3d 523, 546 (7th Cir. 2000).

SMS does not dispute that interest is calculated at the rate of 8% nor that the liquidated damages provision is equal to 1% of the unpaid contributions.[3] Through the affidavit of Marshall Sims, SM Services observes that "..., when SM failed to make contributions the union immediately canceled health insurance coverage on some or all of SM's workers." (Doc. #11-2). SM then contends that a set off should be afforded SM for the claimed contributions for which no benefits were actually conferred upon its employees. (*Id.*). The union contends that because ERISA substantially limits potential defenses of an employer failing to make contributions, the agreement must be enforced as written. The union contends that contract defenses such as set off or liquidated damage calculations do not defeat the fund's right to recover fully under 28 U.S.C. § 1145. The defendant asserts that the very purpose behind the payments is to provide for coverage and allow affected individuals to make claims for expenses which were incurred during the period during the time they were not eligible as the result of the failure of the defendant to pay. Defendant contends that the proceeds of recovery as provided by the plan to the benefits of all participants and as such the contractual obligations obviate contractual defenses. See generally *Vinson v. Brower's Moving & Storage, Inc.*, 907 F.3d 310, 314 (2d Cir. 1990).

---

[3] As plaintiff observes, the provisions of 1132(g)(2) require the court to impose both the interest and the liquidated damages as separate remedies.

5

While the defendant's arguments have had a logical basis, the law preponderates in favor of the union's construction of both the applicable statute and the specific agreement.  In the absence of authority to the contrary, the express provisions of the contract and the statute prevail.[4/]

Accordingly, the plaintiff's motion for summary judgment (doc. #11) is due to be and the same is hereby GRANTED.  Judgment will enter in favor of the plaintiff Sheet Metal Workers Local 48 Health and Welfare Fund in the amount of One Hundred Thirty-three Thousand Ninety-one and 33/100 Dollars ( $133,091.33) representing unpaid contributions, interest and liquidated damages.

As to the foregoing it is SO ORDERED this the 30th day of September, 2008.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

---

[4/]    That is particularly true when as here the court is not required to calculate a disputed matter such as an attorney fee.  See *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 933, 76 L.Ed.2d 40 (1983).